UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE CEDARBAUM**

-------------------------------------------------------------X

ART-OPTIC, LTD.,

                         Plaintiff,

                      v.

SAMUEL TOMASHOVER,
MERYL TOMASHOVER, and
NEWLIGHT EYEWEAR, L.L.C.,

                    Defendants.

-------------------------------------------------------------X

**08 CV 0327**

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JAN 1 4 2008
U.S.D.C. S.....Y.
CASHIERS

        Plaintiff Art-Optic, Ltd. ("Art-Optic" or "Plaintiff"), by its attorneys, Shiboleth, Yisraeli,

Roberts & Zisman LLP, alleges as follows:

## PRELIMINARY STATEMENT

        1.     Art-Optic, the manufacturer and seller of the "Ronit Furst" brand of unique hand-

painted eyewear and accompanying eyeglass cases, brings this action against Samuel and Meryl

Tomashover (the "Tomashovers") and their company Newlight Eyewear, L.L.C. ("Newlight")

(collectively "Defendants") for their blatant and willful production and marketing of counterfeit

"Ronit Furst" eyewear and cases.

        2.     Since 2002, Art-Optic, a private family-owned company based in Israel, has been

continuously producing and selling the Ronit Furst brand of hand-painted eyewear and cases.

Art-Optic, which was founded by Ehud Bibring and owned by Ehud's mother, Lea Bibring, has

expended substantial resources to work with Ehud Bibring's wife, the artist Ronit Furst

("Furst"), to design, manufacture, market and sell its eyewear.  All of the designs are created by

Furst and they, along with the design and creation of the marketing materials, belong to Art-

Optic.  Art-Optic has built up a brand and reputation for manufacturing and selling the Ronit

Furst brand of hand-painted eyewear and cases in New York, throughout the United States, Europe, Israel and South Africa.

3.    In 2004, Art-Optic entered into an agreement with the Tomashovers to purchase and distribute the Ronit Furst brand of eyewear in the United States. The Tomashovers failed to pay for the eyewear under the Agreement. Their blatant failure to adhere to the Agreement combined with their abusive and unprofessional behavior toward Art-Optic led to friction between the parties.

4.    Upon information and belief, the Tomashovers, in their desire to destroy Art-Optic, began manufacturing counterfeit Ronit Furst hand-painted eyewear in or about March 2006. In December 2006, Art-Optic terminated its relationship with the Tomashovers. Despite the explicit termination of their business relationship with Art-Optic, the Tomashovers immediately began to market themselves as legitimate representatives of Art-Optic and sellers of Ronit Furst eyewear at exhibitions and to optical stores so they could sell their counterfeit goods.

5.    The Tomashovers' eyewear are virtually exact replicas of the Ronit Furst frames. They have copied the unique hand-painted designs and frame shape, and they have even printed the "Ronit Furst" logo on the side of the frames. The Tomashovers have also copied the distinctive design of the Ronit Furst eyeglass cases.  In June 2007, the Tomashovers established Newlight as a corporate vehicle for their counterfeiting activities.

6.    Despite a September 2007 Israeli court temporary injunction which prohibits the Tomashovers from manufacturing and selling Ronit Furst eyewear, Defendants continue to manufacture and market counterfeit Ronit Furst eyewear and cases in New York and elsewhere in the United States.

7.     The Defendants' egregious counterfeiting, manufacturing and marketing of Art-Optic's Ronit Furst eyewear and cases has damaged and continues to damage Art-Optic economically every day.  Thus, Art-Optic asserts the following causes of action for:

(i)     Copyright Infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*;

(ii)    False Designations of Origin, False Representations and False Advertising, Section 43 of the Lanham Act; 15 U.S.C. § 1125(a);

(iii)   Common Law Trademark Infringement;

(iv)   False Designations of Origin, False Representations and False Advertising, Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) – Trade Dress;

(v)    Common Law Trade Dress Infringement;

(vi)   False Designations of Origin, False Representations and False Advertising, Section 43 of the Lanham Act, 15 U.S.C. § 1125(b) - False Advertising;

(vii)  False Advertising -  N.Y. Gen. Bus. Law § 350;

(viii) Unfair Competition by Misappropriation; and

(ix)   Tortious Interference with Prospective Economic Advantage.

8.     Art-Optic seeks a temporary restraining order, preliminary injunction and permanent injunction to prevent the daily injury inflicted by Defendants upon Art-Optic's business, reputation and goodwill.  Art-Optic also seeks damages in the total amount of $10,000,000, statutory damages, actual, punitive, treble and exemplary damages, disgorgement, attorneys' fees, costs and disbursements, and pre- and post-judgment interest.

## JURISDICTION AND VENUE

9.    This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C.A. § 1331 (federal question), 28 U.S.C.A. § 1338 (jurisdiction to adjudicate claims of federal trademark and copyright infringement and accompanying claim of unfair competition), and 15 U.S.C.A. § 1121 (original jurisdiction over Lanham Act claims).

10.    Pursuant to 28 U.S.C.A. § 1332(a), this Court has diversity jurisdiction over this action because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between Plaintiff, a citizen of the State of Israel, and Defendants, citizens of New York within the meaning of the statute.

11.    Pursuant to 28 U.S.C.A. § 1367(a), this court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12.    Venue is proper in this district under 28 U.S.C.A. § 1391 because a substantial part of the events, acts and omissions giving rise to the claims asserted here occurred in this judicial district and defendants are subject to personal jurisdiction within this district.

## PARTIES

13.    Plaintiff Art-Optic is a corporation based in the State of Israel with offices at Hazamir Street 61, Kiryat Ono, Israel.

14.    Defendant Samuel Tomashover ("S. Tomashover") is an individual whose address is 444 East 75th Street, Suite 17C, New York, New York.

15.    Defendant Meryl Tomashover is an individual whose address is 444 East 75th Street, Suite 17C, New York, New York.

16.    Defendant Newlight Eyewear L.L.C. is a New York limited liability company whose address is 444 East 75th Street, Suite 17C, New York, New York

## FACTS

### I.    Prior Business History

17.    Art-Optic was established in Israel in 2002, at which time it began manufacturing and selling the "Ronit Furst" brand of unique hand-painted eyewear designed and created by artist Ronit Furst ("Furst").    Each pair of glasses is sold with a distinctively designed case. Since 2002, Art-Optic has been selling the Ronit Furst brand of eyewear in optical stores in New York and throughout the United States, Europe, Israel and South Africa.    Ronit Furst eyewear has garnered an international reputation for its unique design and quality products.

18.    In 2004, Art-Optic and the Tomashovers entered into an exclusive Sales and Distribution Agreement ("Agreement").    The Agreement provided that the Tomashovers had the exclusive right to purchase and sell Ronit Furst eyewear in the United States except for two customers, a small distributor in the Rochester, New York area, and an optical shop in Manhattan. The Agreement was originally signed between Art-Optic, the Tomashovers and David Goldwasser, a relative of the Tomashovers.    Goldwasser subsequently withdrew from the Agreement.

19.    The term of the Agreement was for thirteen months, from December 1, 2004 until December 31, 2005.

20.    During the term of the Agreement, the Tomashovers breached the terms by failing to pay for products supplied to them by Art-Optic.    The Agreement was not renewed after December 31, 2005.

21.    Art-Optic continued to allow the Tomashovers to sell Ronit Furst eyewear in the United States on a non-exclusive basis.

22.    Paragraph seven of the Agreement contains the following non-competition clause:

> During the term of this agreement and for a period of 2 years thereafter, the Buyer shall not be involved in any way, wether [sic] directly or indirectly, wether [sic] for consideration or not, in manufacturing, marketing, selling, promoting, or distributing hand painted frames for glasses of any kind (made of Plastic or Metal) Worldwide that resemble and/or compete with the Product.

Thus, the non-competition clause extends through December 31, 2007.

23.    In December 2006, Art-Optic, through its counsel in Israel, informed the Tomashovers that they were no longer authorized to sell Ronit Furst eyewear and they could not hold themselves out to the public as representatives of Art-Optic and Furst, or as sellers of Ronit Furst eyewear.

## II.    Defendants Manufacture, Market and Sell Counterfeit Ronit Furst Eyewear and Cases

24.    Upon information and belief, the Tomashovers began to produce virtually exact replicas of Art-Optic's Ronit Furst eyewear in or about March 2006 in retaliation for the deterioration of their relationship with Art-Optic.  Specifically, the Tomashovers sought out a supplier and manufacturer that would replicate Ronit Furst's unique hand-painted eyewear designs, including placing the plaintiff's designer's name "Ronit Furst" on the left temple of each frame and on the left lens.  In addition, the Tomashovers also began to produce eyeglass cases that were the same unique shape and design as the glasses cases manufactured by Art-Optic to hold the Ronit Furst glasses.

25.    The Tomashovers also continued to use the marketing supplies provided by Art-Optic after the term of the Agreement ended in December 2005 as part of their deliberate scheme

to hold themselves out as authorized sellers to optical stores in New York and throughout the United States.

26.    Upon information and belief, in or about December 2006, the Tomashovers approached numerous optical stores in New York and throughout the United States and marketed and sold to these stores their counterfeit eyewear in eyeglass cases that they claimed were authentic Ronit Furst eyewear manufactured by Art-Optic.

27.    In March 2007, the Tomashovers managed a booth promoting "Ronit Furst" eyewear in New York at one of the largest exhibitions for optical goods in the United States. The Tomashovers used marketing material, including posters, wallpapers, brochures and colorful shelving which had been designed and provided to them by Art-Optic.

28.    During the exhibition, the Tomashovers were selling eyewear which were produced to look identical to Art-Optic's unique "Ronit Furst" eyewear brand and falsely marketed their fake eyewear as Ronit Furst eyewear produced by Art-Optic.

29.    The Tomashovers advertised their appearance on the exhibition website as an appearance by "Ronit Furst" even through neither Art-Optic nor Furst attended the show.

30.    In addition to the exhibition in New York, the Tomashovers in 2007 also attended an exhibition in Chicago and Las Vegas utilizing the same scheme.

31.    On June 8, 2007, the Tomashovers incorporated "Newlight Eyewear L.L.C." in New York with their home address as the address of the company. Thus, the Tomashovers have established a limited liability company to front their counterfeiting operation.

III.    **S. Tomashover Improperly Applies to Trademark the "Ronit Furst" Name**

32.    On or about April 30, 2007, S. Tomashover applied for a trademark registration for the mark RONIT FURST (Serial No. 77169467). According to the application posted on the

United States Patent and Trademark Office website, S. Tomashover listed himself as the owner. S. Tomashover's application for the trademark protection of Furst's name is a violation of Trademark Act Section 2(c), 15 U.S.C. § 1052(c); TMEP §§ 813 and 1206 because S. Tomashover did not receive signed, written consent from Furst to apply to trademark her name. Furthermore, S. Tomashover's application to trademark of Furst's name was also in direct violation of paragraph 8.1 of the Agreement: "It is hereby specifically acknowledged by the buyer that it does not have, nor will it claim to have any proprietary rights, trade rights or copyrights with respect to the Product."

## IV.    Art-Optic Obtains an Injunction in Israel
##        Against the Tomashovers in September 2007

33.    In April 2007, Art-Optic sued the Tomashovers in Tel Aviv District Court in the State of Israel (Civil File 1661/07).   On September 20, 2007, the District Court issued a temporary injunction barring the defendants from "making and/or marketing and/or selling spectacle frames that constitute an imitation of the decorated frames made by the [plaintiff] with the inscription Ronit First [sic]  . . ."    In addition, a judgment was entered against the Tomashovers in the amount of 20,000 NIS (New Israeli Shekels) for attorney's fees.

## V.    Defendants Continue to Manufacture,
##       Market and Sell Counterfeit Ronit Furst Eyewear and Cases

34.    Despite the temporary injunction and judgment, Defendants continue to: (1) manufacture eyewear that is deliberately produced to look exactly like Art-Optic's Ronit Furst eyewear and cases,  (2) hold themselves out as authentic Ronit Furst eyewear dealers, and (3) palm off their counterfeit eyewear and cases as Ronit Furst eyewear and cases to the public.

35.    Defendants' blatant and deliberate scheme to infringe Art-Optic's unique Ronit Furst line of hand-painted eyewear and cases has damaged Art-Optic's business and sales.

**VI.    Defendants are Threatening Art-Optic's Current Distributors and Representatives**

36.    In May 2007, Art-Optic contracted a new distributor, Brintech. Defendants have engaged in a campaign to identify Brintech's representatives in New York and throughout the United States. Once identified, S. Tomashover has verbally threatened and intimidated Brintech and its representatives in the United States and in New York. The representatives are frightened and most have decided no longer to distribute Ronit Furst eyewear because they do not want to deal with Defendants' threatening and abusive behavior.

37.    Art-Optic's agreement calls for Brintech to order 2,000 eyeglass frames by January 31, 2008. However, as of the end of November 2007, Avri Beeri, Brintech's owner, already informed Ehud Bibring, the CEO of Art-Optic, that he will not be able to purchase that amount because he is finding it extremely difficult to find representatives to sell the frames because of Defendants' belligerent behavior toward his representatives.

**FIRST CAUSE OF ACTION**
(Copyright Infringement, Copyright Act of 1976; 17 U.S.C. § 101, *et seq.*)

38.    Art-Optic repeats and realleges the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.    Art-Optic created and owns all of the unique Ronit Furst hand-painted eyewear frames and accompanying eyeglasses cases designs. The designs of three frames and one case were registered with the U.S. Copyright Office. (The Certificates of Copyright Registration are annexed hereto as Exhibit 1.)

40.    Defendants had direct access to Art-Optic's original eyewear and case designs before they began producing infringing copies.

41.    Defendants have willfully created eyeglass frames with designs virtually identical to plaintiff's copyrighted eyewear and thus have infringed on Art-Optic's copyrighted frames.

42.     Defendants have willfully created eyeglass cases with identical shapes and color schemes to Art-Optic's copyrighted case, and thus have infringed on Art-Optic's copyrighted case.

43.     Art-Optic has notified Defendants that they have infringed Art-Optic's copyrighted frames and case. Nevertheless, Defendants have continued to infringe upon Art-Optic copyrighted frames and cases by manufacturing, marketing and selling their counterfeit frames and cases in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

44.     Defendants' acts of copyright infringement have irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

### SECOND CAUSE OF ACTION
(False Designations of Origin, False Representations and False Advertising,
Section 43 of the Lanham Act; 15 U.S.C. § 1125(a) – Trademark Infringement)

45.     Art-Optic repeats and realleges the allegations in paragraph 1 through 44 above as if fully set forth herein.

46.     The "Ronit Furst" trademark has been continuously used in commerce by Art-Optic since 2002 on its "Ronit Furst" brand of eyewear, cases and marketing materials relating to the sale or offering for sale of the Ronit Furst brand of eyeglass frames in New York and throughout the United States.

47.     In violation of 15 U.S.C. § 1125(a), Defendants have subsequently used or caused to be used the "Ronit Furst" trademarks in interstate commerce and in a manner that affects interstate commerce by placing the "Ronit Furst" trademark on their counterfeit eyeglass frames and using Art-Optic's sales materials that contain the "Ronit Furst" trademark.

48.     Such use of the "Ronit Furst" trademark by Defendants on their counterfeit frames and sales materials causes and will continue to cause actual confusion as to the origin of the

eyeglass frames being sold and offered for sale by Art-Optic under the trademark "Ronit Furst" because Defendants' use of the "Ronit Furst" trademark on their counterfeit eyeglasses falsely designates and misrepresents their origin.

49.    In doing the acts set forth above, Defendants have in bad faith deliberately used the marks "Ronit Furst" with the intent to deceive the trade and public into mistaking and confusing Art Optic's Ronit Furst brand of eyewear and accompanying case as the source of origin of the Tomashovers' counterfeit eyewear and accompanying case.

50.    Defendants' actions, as referred to above, were done for the purpose of unlawfully appropriating and trading on the goodwill and reputation that has been developed by Art-Optic under the trademark "Ronit Furst."

51.    Defendants' actions constitute a false designation of origin of the source of their counterfeit frames and cases. Defendants' acts and activities also constitute a fraud and deception on the public, and the natural and probable tendencies of the acts of Defendants are calculated to deceive the public and to pass off the frames and cases manufactured, marketed and sold as those of Art-Optic.

52.    Defendants' acts of trademark infringement have irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

### THIRD CAUSE OF ACTION
(Common Law Trademark Infringement)

53.    Art-Optic repeats and realleges the allegations set forth in paragraphs 1 through 52 above as if fully set forth herein, and with respect to this cause of action specifically realleges paragraphs 45 through 49.

54.    Defendants' aforesaid intentional and unauthorized use of Art-Optic's "Ronit Furst" mark infringes upon Art-Optic's common law trademark rights.

11

55. Defendants' acts of trademark infringement have irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

### FOURTH CAUSE OF ACTION
(False Designations of Origin, False Representations and False Advertising, Section 43 of the Lanham Act; 15 U.S.C. § 1125(a) – Trade Dress)

56. Art-Optic repeats and realleges the allegations of paragraphs 1 through 55 above as if fully set forth herein.

57. The designs, including the shapes, colors, color combinations and graphics on the Ronit Furst eyewear and cases are inherently distinctive, non-functional designs created by Furst.

58. Art-Optic has established invaluable goodwill and a wide patronage for its line of Ronit Furst eyewear and its cases. The unusual design of the eyewear and cases, and the high quality of the eyewear and the cases sold with each pair of glasses, have become fixed in the minds of the public as denoting and being associated exclusively with Art-Optic's Ronit Furst brand of eyewear.

59. Defendants' design of their counterfeit Ronit Furst eyewear and case are deliberate and blatant copies of Art-Optic trade dress because they have (1) replicated Ronit Furst's unique designs and (2) imprinted the "Ronit Furst" trademark on each counterfeit pair of glasses. Such imitation is calculated to mislead the public and to enable Defendants to palm off their counterfeit products in place of Art-Optic's products when the latter are called for by a purchaser.

60. Defendants' acts of trade dress infringement have irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

## FIFTH CAUSE OF ACTION
(Common Law Trade Dress Infringement)

61.    Art-Optic repeats and realleges the allegations set forth in paragraphs 1 through 60 above as if fully set forth herein, and with respect to this cause of action specifically realleges paragraphs 56 through 60.

62.    Defendants' aforesaid intentional and unauthorized use of Art-Optic's "Ronit Furst" mark and the manufacturing, marketing and selling of counterfeit Ronit Furst eyewear and cases infringe upon Art-Optic's common law trade dress rights.

63.    Defendants' acts of trade dress infringement have irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

## SIXTH CAUSE OF ACTION
(False Designations of Origin, False Representations and False Advertising,
Section 43 of the Lanham Act; 15 U.S.C. § 1125(b) – False Advertising)

64.    Art-Optic repeats and realleges the allegations set forth in paragraphs 1 through 63 above as if fully set forth herein.

65.    Defendants' representation to optical store owners and at conventions that they are authorized representatives for Ronit Furst eyewear constitutes a false and misleading statement.

66.    Defendants' representation to optical store owners and at conventions that they are selling authentic Ronit Furst eyewear constitutes a false and misleading statement.

67.    Defendants' use of Ronit Furst marketing materials, which they obtained from Art-Optic during the term of their Agreement, as a vehicle to further their misrepresentation of themselves as Ronit Furst eyewear representatives selling Ronit Furst eyewear also constitutes a false and misleading statement.

68.    Defendants' false and misleading statements have actually deceived consumers into thinking that they were purchasing authentic Ronit Furst eyewear, when they were actually not, and undoubtedly have the capacity to deceive a substantial portion of consumers into thinking the same.

69.    The deception is material and likely to influence purchasing decisions because optical store owners and consumers are duped into thinking that they are purchasing authentic Ronit Furst eyewear when they are not.

70.    Defendants' false and misleading statements are likely to continue to injure Art-Optic because their statements have led to declining sales and loss of goodwill and will undoubtedly lead to more of these kinds of damages for Art-Optic.

71.    Art-Optic's authentic eyewear and cases and Defendants' counterfeit eyewear and cases have traveled in interstate commerce.

72.    Defendants' false advertising has irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

### SEVENTH CAUSE OF ACTION
(False Advertising, N.Y. Gen. Bus. Law §350)

73.    Art-Optic repeats and realleges the allegations of paragraphs 1 through 72 above as if fully set forth herein, and with respect to this cause of action specifically realleges paragraphs 63 through 71.

74.    Defendants' false and misleading statements are misleading in a material respect because they deceive the consumer into believing that their counterfeit eyewear is authentic Ronit Furst eyewear.

75.    Defendants' false advertising has irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

14

## EIGHTH CAUSE OF ACTION
(Unfair Competition by Misappropriation)

76.    Art-Optic repeats and realleges the allegations of paragraph 1 through 75 above as if fully set forth herein.

77.    Art-Optic has manufactured, marketed and sold Ronit Furst eyewear and cases since 2002 in New York, throughout the United States, Europe, Israel and South Africa.

78.    Art-Optic has expended substantial resources to work with Furst to design, manufacture, market and sell its eyewear and cases. All of the designs are done by Furst and they, along with the design and creation of the marketing materials, belong to Art-Optic.

79.    Defendants' production, marketing and sale of their counterfeit eyewear openly free-rides on Art-Optic's efforts by simply copying Art-Optic's designs and selling identical products and marketing these products as their own.

80.    By usurping Art-Optic's designs and marketing materials, as well as using the "Ronit Furst" trademarks, Defendants unfairly have misappropriated Art-Optic's valuable commercial goodwill.

81.    Defendants' misappropriation of Art-Optic's designs and marketing materials has irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

## NINTH CAUSE OF ACTION
(Tortious Interference with Prospective Economic Advantage)

82.    Art-Optic repeats and realleges the allegations set forth in paragraphs 1 through 81 above as if fully set forth herein.

83.    After learning of Art-Optic's new distributorship relationship with Brintech, S. Tomashover has engaged in a campaign to identify Brintech's representatives, and on at least

one occasion has given a false identity in order to contact a representative. S. Tomashover has verbally harassed and threatened to sue and bankrupt Brintech's representatives if they continued to sell Ronit Furst eyewear and has harassed and threatened anybody who has expressed interest in distributing or selling Ronit Furst frames.

84.    Defendants' actions themselves demonstrate that they have acted with the sole purpose of harming Art-Optic and have used dishonest, unfair or improper means.

85.    Art-Optic has been harmed by Defendants' behavior. Brintech's distributors do not want to sell the original frames as a result of S. Tomashover's threats.

86.    Art-Optic's agreement calls for Brintech to order 2,000 eyeglass frames by January 31, 2008. However, as of the end of November 2007, Avri Beeri, Brintech's owner, already informed Ehud Bibring that he will not be able to purchase that amount because he is finding it extremely difficult to find representatives to sell the frames because of Defendants' belligerent behavior toward representatives.

87.    Defendants' conduct has therefore severely limited Art-Optic's ability to do business in the United States, thereby causing enormous economic damages.

88.    Defendants' tortious interference with Art-Optic's prospective economic advantage has irreparably damaged and will continue to cause irreparable damage to the business, reputation and good will of Art-Optic.

WHEREFORE, Plaintiff Art-Optic, Ltd. requests judgment against Defendants Samuel Tomashover, Meryl Tomashover and Newlight Eyewear, LLC as follows:

A.    For a temporary restraining order, preliminary injunction and permanent injunction against Defendants, their members, officers, employees, agents, servants,

16

representatives, manufacturers and partners, assigns, successors, heirs, executors, administrators, and all persons acting for, with, by, through, or under them, and each of them:

1.    restraining and enjoining Defendants during the pendency of this action and permanently from infringing upon Art-Optic's copyrights, and from manufacturing, marketing, distributing and selling any counterfeit Ronit Furst eyewear and cases;

2.    ordering Defendants to deliver up to be impounded during the pendency of this action  and permanently all Art-Optic marketing materials in their possession or under their control;

3.    ordering Defendants to deliver up for impoundment and or destruction all infringing copies and all plates, molds, and other matter for making such infringing copies pursuant to Fed. R. Civ. P. Rule 65(f) and 17 U.S.C. § 503;

4.    ordering Defendants to immediately cease all manufacturing of infringing eyewear and cases and cancel all pending manufacturing orders and outstanding sales to any and all retail stores or consumers;

5.    restraining and enjoining Defendants from using in any manner the "Ronit Furst" name, or any other term or terms likely to cause confusion with these trademarks, in connection with manufacturing, marketing, distributing and selling counterfeit Ronit Furst eyewear and accompanying cases;

6.    restraining and enjoining Defendants from directly or indirectly using the "Ronit Furst" trademark or any other mark or word similar to these trademarks in a manner that is likely to cause dilution, confusion, or mistake, or to deceive;

7.    restraining and enjoining Defendants from using in any manner a name or mark confusingly similar to the "Ronit Furst" trademark in connection with the Tomashovers'

17

goods or services in such a manner that is likely to create the erroneous belief that these goods or services are authorized by, sponsored by, licensed by, or are in some way associated with Art-Optic or the Ronit Furst brand of eyewear;

8.    restraining and enjoining Defendants from any use or further advertising related in any way to or connected with the use of the marks "Ronit Furst" in conjunction with their counterfeit Ronit Furst eyewear and cases;

9.    restraining and enjoining Defendants from communicating in any manner with any person connected with any eyewear or case manufacturer or materials supplier of counterfeit Ronit Furst eyewear and cases;

10.    restraining and enjoining Defendants from interfering in any way with Art-Optic's performance of its commitments to its customers and prospective customers;

11.    restraining and enjoining Defendants from using trade dress that is in any way similar to Art-Optic's, and particularly from copying the ornamental appearance of Ronit Furst eyewear and cases;

12.    restraining and enjoining Defendants from misrepresenting the source of origin of its products;

13.    ordering Defendants to account for all gain, profits and advantages derived by them as a result of their unlawful acts alleged herein;

14.    ordering Defendants to account for all counterfeit Ronit Furst eyewear and cases manufactured and sold;

15.    ordering Defendants to account for authentic Ronit Furst eyewear in their possession since the termination of their relationship with Art-Optic and to account for all amounts sold;

18

16.     ordering Defendants to disclose all manufacturers, suppliers and purchasers of counterfeit Ronit Furst eyewear and cases; and

17.     ordering S. Tomashover to immediately withdraw the trademark registration of the mark RONIT FURST and provide written notification to Art-Optic;

B.     For disgorgement of all gains, profits, and advantages derived by Defendants as a result of their unlawful acts alleged herein;

C.     For damages to Art-Optic for injury to its business, reputation, and good will, in the total amount of $10,000,000;

D.     For statutory damages;

E.     For actual damages:

F.     For punitive damages:

G.     For treble damages;

H.     For exemplary damages;

I.     For actual damages and profits suffered by Art-Optic as a result of Defendants' copyright infringement or, in the alternative, at Art-Optic's election, statutory damages as set forth in 17 U.S.C.A. § 504;

J.     For all costs and expenses, including, without limitation, attorney's fees incurred by Art-Optic in this action;

K.     For pre- and post- judgment interest at the maximum legal rate; and

L.     For such other and further relief as the court deems just and proper.

Dated:  New York, New York
        January 14, 2008

                    SHIBOLETH, YISRAELI, ROBERTS & ZISMAN, L.L.P.

                    By:_____
                            Shira Y. Rosenfeld (SR 5892)
                            One Penn Plaza, Suite 2527
                            New York, New York 10119
                            Tel:  (212) 244-4111
                            Fax:  (212) 563-7108

                        *Attorneys for Plaintiff Art-Optic, Ltd.*

# EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-624-141

**Effective date of registration:**

December 14, 2007

## Title

| | |
|---|---|
| **Title of Work:** | Model No. 2321 Color 17 |
| **Nature of Work:** | Designs to be painted on Eyeglasses |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2002 | | |
| **Date of 1st Publication:** | January 1, 2002 | **Nation of 1st Publication:** | Israel |

## Author

| | | | |
|---|---|---|---|
| ■ **Author:** | Art-Optic, Ltd. | | |
| **Author Created:** | 2-Dimensional artwork | | |
| **Work made for hire:** | Yes | | |
| **Domiciled in:** | Israel | | |
| **Year Born:** | 2002 | | |
| **Anonymous:** | No | **Pseudonymous:** | No |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Art-Optic, Ltd. |
| | Hazamir Street 61, Kiryat Ono 55507, Israel |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | Plastic pre-fabricated clear eyeglasses frames |
| **Previously registered:** | No |
| **New material included in claim:** | Designs hand painted on to the eyeglasses frames |

## Certification

| | |
|---|---|
| **Name:** | Sagie Kleinlerer, Esq., authorized agent of Art-Optic, Ltd. |
| **Date:** | December 11, 2007 |

Correspondence:    Yes

IPN#:

**Registration #:**    VA0001624141

**Service Request #:**    1-27944541

Shiboleth, Yisraeli, Roberts & Zisman LLP
Sagie Kleinlerer, Esq.
One Penn Plaza, Ste. 2527
New York, NY 10119

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-624-139

**Effective date of
registration:**

December 14, 2007

## Title

**Title of Work:** Model No. 2321 Color 10

**Nature of Work:** Designs to be painted on Eyeglasses

## Completion/ Publication

**Year of Completion:** 2002

**Date of 1st Publication:** January 1, 2002      **Nation of 1st Publication:** Israel

## Author

■      **Author:** Art-Optic, Ltd.

**Author Created:** 2-Dimensional artwork

**Work made for hire:** Yes

**Citizen of:** Israel      **Domiciled in:** Israel

**Year Born:** 2002

**Anonymous:** No      **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Art-Optic, Ltd.

Hazamir Street 61, Kiryat Ono 55507, Israel

## Limitation of copyright claim

**Material excluded from this claim:** Plastic pre-fabricated clear eyeglasses frames.

**Previously registered:** No

**New material included in claim:** Designs hand painted on to the eyeglasses frames

## Certification

**Name:** Sagie Kleinlerer, Esq., authorized agent of Art-Optic, Ltd.

**Correspondence:** Yes

IPN#:

Registration #:   VA0001624139

Service Request #:   1-27858703

Shiboleth, Yisraeli, Roberts & Zisman LLP
Sagie Kleinlerer, Esq.
One Penn Plaza, Ste. 2527
New York, NY 10119

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-624-140

**Effective date of
registration:**

December 14, 2007

## Title

| | |
|---|---|
| **Title of Work:** | Model No. 1174 Color 16 |
| **Nature of Work:** | Designs to be painted on Eyeglasses |

## Completion/Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2002 | | |
| **Date of 1st Publication:** | January 1, 2002 | **Nation of 1st Publication:** | Israel |

## Author

| | | | |
|---|---|---|---|
| ■ **Author:** | Art-Optic, Ltd. | | |
| **Author Created:** | 2-Dimensional artwork | | |
| **Work made for hire:** | Yes | | |
| **Citizen of:** | Israel | **Domiciled in:** | Israel |
| **Year Born:** | 2002 | | |
| **Anonymous:** | No | **Pseudonymous:** | No |

## Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Art-Optic, Ltd. |
| | Hazamir Street 61, Kiryat Ono, 55507, Israel |

## Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | Plastic pre-fabricated clear eyeglasses frames |
| **Previously registered:** | No |
| **New material included in claim:** | Designs hand painted on to the eyeglasses frames |

## Certification

| | |
|---|---|
| **Name:** | Sagie Kleinlerer, Esq., authorized agent of Art-Optic, Ltd. |
| **Date:** | December 11, 2007 |

**Correspondence:** Yes

IPN#:

Registration #:    VA0001624140

Service Request #:  1-27945074

Shiboleth, Yisraeli, Roberts & Zisman LLP
Sagie Kleinlerer, Esq.
One Penn Plaza, Ste 2527
New York, NY 10119