UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ART-OPTIC, LTD.,                                 :
                                                 :
                        Plaintiff,               :    08 CV 0327 (MGC) (KNF)
                                                 :
            v.                                   :    **ORDER TO SHOW CAUSE FOR**
                                                 :    **TEMPORARY RESTRAINING ORDER,**
SAMUEL TOMASHOVER,                               :    **PRELIMINARY INJUNCTION,**
MERYL TOMASHOVER, and                            :    **SEIZURE ORDER,**
NEWLIGHT EYEWEAR, L.L.C.,                        :    **ASSET RESTRAINING ORDER AND**
                                                 :    **EXPEDITED DISCOVERY ORDER**
                                                 :
                        Defendants.              :
------------------------------------------------------------X

Plaintiff ART-OPTIC LTD. having moved *ex parte* against Defendants NEWLIGHT EYEWEAR, L.L.C., SAMUEL TOMASHOVER AND MERYL TOMASHOVER (collectively, "Defendants") for a temporary restraining order, preliminary injunction, seizure order, asset restraining order and expedited discovery order pursuant to Fed. R. Civ. P. Rule 65, 17 U.S.C. §§ 502, 503(a) and 15 U.S.C. § 1116(a) for the reason that Defendants are manufacturing, distributing, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiff's copyrights, trademarks and trade dress detailed in Plaintiff's complaint filed on January 14, 2008 and incorporated herein by reference (collectively, "Plaintiff's Intellectual Property"), which are owned and controlled by Plaintiff and used only in connection with products listed in Plaintiff's complaint and incorporated herein by reference (collectively, "Plaintiff's Products"), and the Court, having reviewed the complaint, memorandum of law, Affidavit of Ehud Bibring, Affidavit of Avri Beeri and Declaration of Shira Y. Rosenfeld and exhibits submitted herewith, finds:

1. Plaintiff is likely to succeed in showing Defendants have used, and are continuing to use, counterfeits or infringements of Plaintiff's Intellectual Property in connection with the manufacture, distribution, offer for sale and/or sale of merchandise, including but not limited to eyewear, cases and marketing and advertising materials (hereinafter "Defendants' Infringing Products");

2. The manufacturing, distributing, offering for sale and/or selling of Defendants' Infringing Products will result in immediate and irreparable injury to Plaintiffs if seizure of Defendants' Infringing Products and the records pertaining thereto is not ordered;

3. Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide, or otherwise make the Defendants' Infringing Products and business records relating thereto inaccessible to the Court, thus frustrating the ultimate relief Plaintiff seeks in this action;

4. Plaintiff's harm from denial of the requested temporary restraining order, preliminary injunction, *ex parte* seizure, impoundment and destruction of Defendants' Infringing Products and reproduction equipment pursuant to 17 U.S.C. § 503, expedited discovery order and asset restraining order would outweigh the harm to Defendants' legitimate interests from granting such an order;

5. Plaintiff has demonstrated the location(s) at which Defendants are offering for sale and/or selling Defendants' Infringing Products, at which locations Defendants are likely to be holding the business records thereto; and

6.  Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Copyright Act and the Lanham Act to preserve Plaintiff's remedies for trademark and copyright counterfeiting, including, inter alia, destruction of Defendants' Infringing Products, the acquisition of the business records relating to Defendants' Infringing Products, and an award to Plaintiff of lost profits or damages.

7. Plaintiff has demonstrated that Defendants may take action to transfer their assets and thus avoid an accounting of Defendants' profits from their unlawful activities.

THEREFORE, IT IS HEREBY ORDERED that Defendants SAMUEL TOMASHOVER AND MERYL TOMASHOVER show cause on or before the ____ day of _____ 2008 at _____ a.m./p.m., or as soon thereafter as counsel can be heard, in Courtroom ____ in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, why an Order pursuant to Fed. R. Civ. P. Rule 65, 17 U.S.C. §§ 502, 503(a) and 15 U.S.C. § 1116(a) should not be entered granting Plaintiff a preliminary injunction as follows:

(a)  Enjoining and restraining Defendants, their members, officers, agents, attorneys, employees, servants, representatives, manufacturers and partners, assigns, heirs, executors, administrators, and any other persons in active concert or participation with them from:

      (i) using Plaintiff's Intellectual Property or any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Intellectual Property in connection with the manufacture, distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiff, or any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise bearing or containing Plaintiff's Intellectual Property; and

      (ii) passing off, inducing or enabling others to sell any eyewear or cases, or other items which are not Plaintiff's genuine merchandise as and for Plaintiff's genuine merchandise; and

      (iii) committing any other acts calculated to cause purchasers and/or the general public to believe that the Defendants' products are Plaintiff's genuine merchandise unless they are such; and

      (iv) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner eyewear, cases or other items falsely bearing Plaintiff's Intellectual Property, or any reproduction, counterfeit, copy or colorable imitation of same.

(b) Impounding, during the pendency of this action, eyewear, cases and other items, including, without limitation, plates, molds, labels, matrices, patches, printing devices, advertising, packaging and other materials and merchandise seized pursuant to the provisions of this Order.

4

(c) Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

(d) Ordering S. Tomashover to immediately withdraw the trademark registration of the mark RONIT FURST and provide written notification to Art-Optic.

IT APPEARING to the Court that Defendants are manufacturing, printing, distributing, offering for sale and/or selling Defendants' Infringing Products and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiff's application for a preliminary injunction, Defendants SAMUEL TOMASHOVER, MERYL TOMASHOVER AND NEWLIGHT EYEWEAR, L.L.C., their members, officers, agents, attorneys, employees, servants, representatives, manufacturers and partners, assigns, heirs, executors, administrators, and any other persons in active concert or participation with them, or having knowledge of this Order by personal service or otherwise, be, and they are, hereby restrained from: (a) committing any of the acts set forth in subparagraphs (a)(i)-(iv) above; (b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise, or documents bearing, relating to, or used for, reproducing Plaintiff's Intellectual Property or any reproduction, counterfeit, copy or, or colorable imitation thereof; or (c) removing, destroying, or otherwise disposing of an computer tapes or disks, business records, or documents relating in any way to the manufacture, acquisition, purchase, distribution, or sale of goods bearing Plaintiff's Intellectual Property or any reproductions, counterfeit, copy, or colorable imitation thereof; and it is further

ORDERED, that the United States Marshal for this district or any federal, state, county, or local law enforcement officers, assisted by one or more attorneys or agents of Plaintiff's, is

hereby authorized and directed to seize, impound, and deliver to Plaintiff or its representatives (i) any and all unauthorized and unlicensed merchandise bearing or containing Plaintiff's Intellectual Property as described above; (ii) the means for making same; (iii) the books and records relating thereto, including, but not limited to, records and data contained in electronic format on computers, servers, hard drives, zip drives, and/or disks; and (iv) the containers or vehicles in which same are held or transported, which Defendants sell, attempt to sell or hold for sale, at all locations within this District and other Districts where Defendants' Infringing Products are sold, offered for sale, distributed, transported, manufactured, and/or stored including, but not limited to:

>    444 East 75th Street, Suite 17C
>
>    New York, New York

and

>    A.R. Trapp
>
>    488 Madison Avenue
>
>    New York, New York

And it is furthered ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased, or controlled by Defendants or the location to be searched where Defendants' Infringing Products or business records relating thereto may be found, and to inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks, or documents located on the identified locations or other premises controlled by Defendants; and it is further

ORDERED, that Plaintiff's agents shall promptly inspect all items seized and, and if any items are found to be authorized products, such items are to be returned to Defendants within twenty (20) business days after the date this Order is executed; and it is further

ORDERED, that the search and seizure ordered herein may be photographed or videotaped for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Preliminary Injunction set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and its is further

ORDERED, that any merchandise or means of making such merchandise and other items seized shall be appropriately tagged to permit identification; Defendants shall be given a receipt therefor; such merchandise, records or other items seized shall be impounded in the custody and control of Plaintiff or Plaintiff's agents as substitute custodian pending further order of this Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel during normal business hours; and any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to Plaintiff and Plaintiff's counsel and Defendants and Defendants' attorneys of record, who shall be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within twenty (20) days of the date this Order is executed. This protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the Preliminary Injunction whether or not said hearing occurs, unless extended by Court order, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and it further

ORDERED, that Plaintiff shall post, in accordance with Rule 65 of the Federal Rules of Civil Procedure, a corporate surety bond, cash, or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure, or restraint hereunder; and it is further

ORDERED, that sufficient cause having been shown, the above seizure shall take place and service of this Order together with the Summons and Complaint shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' place of business or residence or where Defendants are selling or holding for sale the items to be seized, and that such service shall be made and such seizure shall take place as soon as practicable, and in all events, within ten (10) days from the date of this Order or at such time as may be extended by this Court; and it is further

ORDERED, that Plaintiff's counsel shall file within ten (10) business days after the seizure is executed an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and it is further

ORDERED, that in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 17 U.S.C. §§ 502, 503(a), U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, including, but not limited to, SAMUEL TOMASHOVER, MERYL TOMASHOVER and NEWLIGHT EYEWEAR, L.L.C., their members, officers, agents, attorneys, employees, servants, representatives, manufacturers and partners, assigns, heirs, executors, administrators, and any other persons in active concert or participation with them, and any banks, savings and loan associations, or other financial institutions, or agencies which engage in the transfer of real or personal property, who receive actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, or other assets of Defendants, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiff's counsel:

(1)     an accounting of any Defendants' assets having value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

(2)     uncontradicted documentary proof accepted by Plaintiff (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that upon telephonic notice to the Court and Plaintiff's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets, including the following modifications:

(1)     allowing payments for ordinary living expenses not to exceed two thousand dollars ($2,000) per month, with an accounting of such payments to be filed with the Court and provided to Plaintiffs within ten (10) days following the end of each month;

(2)     allowing Defendant to pay ordinary, legitimate business expenses as follows:

(a)     rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such Defendant or company, upon presentation of said lease or loan document to Plaintiff's counsel and verification thereof;

(b)     ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendant as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that Defendant shall first present to Plaintiff's counsel written documentation identifying and verifying all

individuals proposed to be paid and particulars of the salaries proposed therefor;

(c) ordinary and necessary bills for utilities;

(d) payments of any amounts less than one thousand dollars ($1,000), not to exceed an aggregate of more than three thousand ($3,000) per month, for ordinary legitimate business expenses (but not for expenses in any way relate4d to the legitimate activities cited in this Order), which transfers shall be documented and this documentation provided to Plaintiff's counsel within ten (10) days following the end of each month;

(3)     Defendants shall provide Plaintiff's counsel with an accounting of all payments of living expenses, business expenses, and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Shiboleth, Yisraeli, Roberts & Zisman LLP, 1 Penn Plaza, Suite 2527, New York, New York 10019, Attention: Shira Y. Rosenfeld, Esq. before _____ a.m./p.m. on _____, 2008. Any reply shall be filed and served by Plaintiff at the hearing; and it is further

ORDERED, that discovery herein may begin immediately and Plaintiff be permitted, immediately after service of the Court's Order, to inspect and copy Defendants' records of the purchase, manufacture, and sale of Defendants' Infringing Products and immediately thereafter, to take depositions of the Defendants and the persons responsible for Defendants' business; and it is finally

Defendants are hereby given notice that failure to attend the hearing scheduled herein shall result in confirmation of the seizure authorized herein, destruction or other disposition of

the goods seized, if any, and immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the within Temporary Restraining Order; and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED:

DATE:_____                              _____
                                                  United States District Judge