UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X
ART-OPTIC, LTD.,                              :     08 CV 0327 (MGC)(KNF)
                                              :
                    Plaintiff,                :
                                              :
SAMUEL TOMASHOVER, MERYL                      :
TOMASHOVER and NEWLIGHT                       :
EYEWEAR, LLC.,                                :
                                              :
                    Defendants.               :
------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE THE TEMPORARY INJUNCTION OF THE ISRAELI COURT

Richard S. Schurin (RS0199)
GOTTLIEB, RACKMAN & REISMAN P.C.
270 Madison Avenue
New York, N.Y. 10016
(212) 684-3900

Counsel for Defendants *Samuel Tomashover, Meryl Tomashover and Newlight Eyewear, LLC*

New York, New York
February 28, 2008

## TABLE OF CONTENTS

**BACKGROUND**..................................................................................................1

**ARGUMENT** ......................................................................................................2

    I.    PLAINTIFF'S MOTION TO ENFORCE THE INTEROCATORY RULING
        SHOULD BE DENIED BECAUSE IT IS NOT A FINAL ORDER .................2

**CONCLUSION** ...................................................................................................4

Defendants Samuel Tomashover, Meryl Tomashover and Newlight Eyewear, LLC ("defendants") respectfully submit this memorandum of law in opposition to the "motion" of plaintiff to enforce a ruling on plaintiff's request for a temporary restraining order issued by a Court in Israel. Defendants submit the Declaration of Richard S. Schurin, dated February 28, 2008 (the "Schurin Declaration").

## BACKGROUND

In April 2007, plaintiff commenced an action against defendants Samuel and Meryl Tomashover in District Court in Tel Aviv- Jaffa, Israel (the "Israeli Action"). At or about the same time, plaintiff requested that the Israeli Court issue a "Temporary Injunction." In its written request to the Israeli Court, plaintiff requested a temporary injunction which shall have effect "until final verdict is issued in the proceedings submitted to the Court simultaneously with this petition." (Schurin Declaration ¶ 3, Exhibit A - Plaintiff's Request for Temporary Injunction pp.1-2).

On October 9, 2007, the Israeli court issued a ruling denying in part and granting in part plaintiff's request for a temporary injunction. (Schurin Declaration ¶ 4, Exhibit B – Ruling). Plaintiff's request to ban the defendants from competing with plaintiff for an indefinite period of time was denied, and based on defendants' consent to the relief sought, plaintiff's request for a temporary injunction against defendants making, marketing and/or selling spectacle frames that constitute a forgery of plaintiff's eyeglasses was granted. (Exhibit B) The Israel Action is currently pending and no final judgment or order has been granted. (Schurin Declaration ¶ 5).

In January 2008, plaintiff commenced the instant action. Shortly thereafter, plaintiff submitted to the Court an Order to Show Cause for Temporary Restraining

1

Order, Preliminary Injunction, Seizure Order, Asset Restraining Order and Expedited Discovery Order. Neither Plaintiff's Complaint nor its Order To Show Cause sought enforcement of the Temporary Injunction granted by the Israeli Court.

On January 29, 2008, plaintiff filed an Amended Complaint which includes a new Tenth Cause of Action for "Enforcement of the <u>Temporary Injunction</u> Issued by the District Court of Tel Aviv-Jaffa."[1] (Schurin Declaration ¶ 7 Exhibit C – Amended Complaint) By letter to the Court dated January 31, 2008, plaintiff requested that "enforcement of the temporary injunction should be considered as additional relief requested in its Order to Show Cause for Temporary Restraining Order, Preliminary Injunction and Additional Related Relief." (Schurin Declaration ¶ 8 Exhibit D) Defendants submitted a letter to the Court dated February 1, 2008 stating reasons why plaintiff's request should be denied. (Schurin Declaration ¶ 9 Exhibit E) Plaintiff thereafter withdrew its request to have its claim for enforcement of the Israeli Temporary Restraining Order as part of its motion for preliminary relief. (Schurin Declaration ¶ 9). Plaintiff has not submitted a memorandum of law or any supporting affidavits in support of its motion for enforcement of the Ruling.

## **ARGUMENT**

I.  PLAINTIFF'S MOTION TO ENFORCE THE INTEROCATORY RULING SHOULD BE DENIED BECAUSE IT IS NOT A FINAL ORDER

Under the law of the State of New York, a foreign judgment is enforceable if it is "final, conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal." N.Y. Civ. Prac. L. & R. § 5302 (McKinney 1978). See also, *The Island Territory of Curacao v. Solitron Devices, Inc.*, 489 F.2d 1313 (2d Cir.

---

[1] Defendants have moved to dismiss or stay this action through their motion to compel arbitration which is currently pending.

2

1973), *Seetransport Wiking Trader v. Navimpex Centrala Navala*, 29 F.3d 79 (2d Cir. 1994) and *V. Corp., Ltd. v. Redi Corp.*, 2004 U.S. Dist Lexis 20424 (S.D.N.Y. 2004).

The burden of proof in "establishing the conclusive effect of a foreign judgment is on the party asserting conclusiveness." *S.C. Chimexim S.A., v. Velco Enterprises Ltd.*, 36 F. Supp. 2d 206 (S.D.N.Y. 1999) *citing* Weinstein CPLR at ¶ 5302.01.

In this case, the Israeli Court has not yet issued a final order, and the "temporary relief" that has been granted is not a final and conclusive order. Indeed, the case in Israel is ongoing.

Since plaintiff has failed to submit <u>any</u> evidence to satisfy its burden of establishing that the Temporary Injunction is final, conclusive and enforceable in Israel, and by its very terms the Israeli Order is "temporary" and not final, plaintiff cannot enforce said Ruling under New York law.[2] Indeed, foreign orders that are subject to modification are generally not subject to enforcement in U.S. courts. *See Moore's Federal Practice*, § 130.06. See also, *Banco Nacional De Mexico S.A. v. Societe Generale*, 820 N.Y.S.2d 588 (1st Dept. 2006) ("In any event, even under the traditional comity analysis, there is no basis for the motion court to recognize the Mexican injunctions because they are non-final, ex-parte orders of Mexican courts." CPLR 5302 permits recognition of foreign judgments under certain circumstances if they are final, conclusive and enforceable where rendered. This Court has consistently held that although the decision whether to extend comity is a matter of discretion, it is normally

---

[2] Moreover, plaintiff improperly seeks to enforce the Ruling as part of a motion for a preliminary injunction. A preliminary injunction is designed to preserve the status quo during the pendency of the action until a final determination on the merits is reached. Here, Plaintiff in effect is seeking summary judgment on its Tenth Cause of Action in the guise of a motion for preliminary relief. Plaintiff has not established – as is required on a motion for summary judgment – that there are no materially disputed issues of fact and that it is entitled to judgment as a matter of law. For this reason as well, plaintiff's motion to enforce the Ruling must be denied.

3

not extended by New York courts to non-final, non-merit orders. See *In re Estate of Johnson*, 142 Misc 2d 388, 391-392, 539 N.Y.S.2d 243, 246 (N.Y.County Cur. Ct. 1988), *aff'd,* 145 A.D.2d 388, 536 N.Y.S.2d 363 (1st Dept. 1988); see also, *LBS Bank New York v. Yutex, Inc.*, 283 A.D.2d 281, 724 N.Y.S.2d 313 (1st Dept. 2001).)

## CONCLUSION

For the reasons stated above, the Court should deny Plaintiff's motion to enforce the Ruling of the Israeli Court.

Respectfully submitted,

**GOTTLIEB RACKMAN & REISMAN**
Counsel for Defendants *Samuel Tomashover, Meryl Tomashover and Newlight Eyewear, LLC*

270 Madison Avenue, 8th Floor
New York, NY 10016
(212) 684-3900

By: _____
Richard S. Schurin (RS0199)
Marc P. Misthal (MM6636)

DATED:    New York, New York
          February 28, 2008

4