UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ART-OPTIC, LTD.,                           :        08 CV 0327 (MGC)

                    Plaintiff,             :

        v.

SAMUEL TOMASHOVER, MERYL                   :
TOMASHOVER and NEWLIGHT
EYEWEAR, LLC.,                             :

                    Defendants.            :
-----------------------------------------------------X

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

This Memorandum of Law is submitted on behalf of Defendants Samuel Tomashover, Meryl Tomashover and Newlight Eyewear, LLC. (hereinafter collectively "Defendants"), in opposition to Plaintiff's counsel's motion to withdraw.

As explained herein, while Defendants have no objection to the withdrawal of Plaintiff's counsel, Defendants object to Plaintiff's request for an additional 60 days for Plaintiff to retain new counsel.  (See Rosenfeld Decl. ¶ 9) Given the facts of this case, Defendants request that if new counsel has not appeared on behalf of Plaintiff before this motion is fully briefed and considered by the Court, that this action should then be dismissed.

### ARGUMENT

As Ms. Rosenfeld admits in her declaration, Plaintiff has been unrepresented in this action for at least five (5) months, i.e., since at least March of 2008.

1

In paragraph 4 of Ms. Rosenfeld's declaration she states that in February and March of 2008 "it became clear to our firm that continuation of the attorney client relationship was no longer possible."  (Rosenfeld Decl. ¶ 4)  Her declaration states further -- "In March 2008, Ehud Bibring on behalf of Art-Optic Ltd. retained Eric Sherby, Esq., an Israeli attorney who is also licensed to practice in New York, to represent him in connection with the above captioned action." (Rosenfeld Decl. ¶ 4)  Assuming Ms. Rosenfeld's statements are true, Defendants must ask  – why is Plaintiff's counsel is only now seeking to withdraw, and  why hasn't Mr. Sherby appeared in this case?

The fact is that Plaintiff's counsel or Mr. Sherby should have promptly advised Defendants and the Court that Ms. Rosenfeld was not representing Plaintiff.  To make matters worse, on March 24, 2008,  Defendants' counsel sent an e-mail to Ms. Rosenfeld requesting that the parties meet to discuss discovery and settlement issues.  Plaintiff's counsel simply ignored this e-mail (Schurin Dec. ¶ 4).  Furthermore, during the conversations that Defendants' counsel ad with Mr. Sherby, never once did Mr. Sherby indicate that he would be representing the Plaintiff in this case.  Indeed, and to the contrary, Mr. Sherby stated that he was retained by Plaintiff only for the purpose of trying to resolve the overall dispute between the parties, and was expressly not representing the Plaintiff in this matter. (Schurin Dec. ¶ 6)

Finally, the posture of this case also suggests that Plaintiff should not be given any additional time to find new counsel.  When this case was filed, Plaintiff sought a TRO and filed a motion for a preliminary injunction.  Plaintiff's argument

2

was that it was suffering irreparable harm and needed the expedited relief from this Court that a TRO and Preliminary Injunction would provide. As a result, the Court started a hearing on Plaintiff's motion on an expedited basis. Half-way through that hearing Plaintiff effectively fired its attorney, and then <u>did nothing for five (5) more months</u>.

Local Civil Rule 1.4 provides that in determining whether satisfactory reasons for withdrawal have been offered, the court may consider the posture of the case and its position on the calendar. Local Civil Rule 1.4. Accordingly, the fact that the parties are currently in the middle of a motion for a preliminary injunction may provide sufficient basis for denial of the motion. See, <u>Fashion Boutique of Short Hills, Inc. v. Fendi USA</u>, 1999 U.S. Dist Lexis 9687 (SDNY 1999) (J. Cedarbaum). Nevertheless, Defendants do not object to the withdrawal of Plaintiff's counsel. However, Defendants respectfully suggest that there is absolutely no basis to give Plaintiff's <u>any more time</u> to hire replacement counsel, and that if Plaintiff fails to find new counsel to appear on its behalf before this motion is fully briefed and considered by the Court, that this action should then be dismissed. See, <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-202, 113 S.Ct. 716 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel."); and <u>WABC-AM Radio, Inc. v. Vlahos,</u> 1992 WL 276550 (SDNY 1991) (Court may enter default if corporation fails to hire replacement counsel.)

## CONCLUSION

For all of the foregoing reasons, if new counsel has not appeared at the time this motion is fully briefed and considered, the instant action should be dismissed.

Respectfully submitted,
GOTTLIEB, RACKMAN & REISMAN

Richard S. Schurin

Dated:   August 28, 2008

4